Joe PUTNAM, Plaintiff–Appellant,

v.

David MORRIS, Defendant–Appellee.

No. 85–2272.

United States Court of Appeals,
Tenth Circuit.

Nov. 23, 1987.

James C. Linger, Butler & Linger, Tulsa, Okl., for plaintiff-appellant.

James D. Foliart and Glen D. Huff, Foliart, Huff, Ottaway & Caldwell, Oklahoma City, Okl., for defendant-appellee.

Before SEYMOUR, TACHA and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause therefore is ordered submitted without oral argument.

Appellant originally filed this malpractice action against appellee on July 9, 1982. It was voluntarily dismissed by appellant on November 2, 1983, and then refiled on November 2, 1984. Appellant initially attempted to serve appellee by certified mail in November 1984; however, the certified letter was returned unclaimed. Appellee was personally served on March 5, 1985, some 123 days after the filing of the complaint. Fed.R.Civ.P. 4(j) provides that a summons and complaint must be served upon a defendant within 120 days after filing of the complaint unless good cause is shown why service was not made within the 120–day time period. One day after this untimely service, appellant filed a motion to extend the time period for service so as to render the untimely service effective. *See* Fed.R.Civ.P. 6(b)(2). The motion was accompanied by an affidavit from appellant's attorney stating that the failure to obtain timely service was due to the appellee's evasion of service. The trial court granted the motion, but upon reconsideration and an evidentiary hearing, dismissed the action for untimely service of process. The trial court found that the efforts of the process server to serve appellee were inadequate and that appellant had not demonstrated excusable neglect in failing to comply with the 120–day limit for service of process.

■ Dismissal of a complaint for failure to comply with the 120–day time period contained in Fed.R.Civ.P. 4(j) will be set aside only for an abuse of discretion. *Townsel v. County of Contra Costa, California*, 820 F.2d 319, 320 (9th Cir.1987). Fed.R.Civ.P. 4(j) provides for dismissal of an action as to a defendant who has not been served within 120 days after the filing of the complaint, absent a showing of "good cause" why service was not effected within the 120–day time period. Dismissal for failure to serve within the time period is without prejudice. It may, however, op-

erate as a dismissal with prejudice when the action will be time-barred. *See Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 85 (3d Cir.1987); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985) (per curiam).

Although the trial court has the power to extend the 120–day time period after it has run under Fed.R.Civ.P. 6(b)(2), it will do so only if the movant demonstrates "good cause" for the delay which the court deems to be excusable neglect. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985). These two standards are interrelated. The Fifth Circuit has said:

> Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 1165 at 622 (emphasis added). The district court is clearly not *compelled* to accept a lesser 'excusable neglect' showing.

*Id.* at 1306. The trial court's conclusion that appellant had not demonstrated excusable neglect is consistent with its factual findings that: 1) appellant demonstrated no sense of urgency in serving appellee even after refiling the action; 2) the process server made no effort to telephone the appellee or serve him at his office until *after* the 120–day time period had run; and 3) appellant had access to appellee's telephone number and business address but did not use them to contact the appellee.

■ We have reviewed the record, which reveals the following. The process server received the summons and complaint on February 13, 1985, with instructions to effect service as soon as possible. The process server testified that he attempted to serve appellee at his home every day, but was unsuccessful. On cross-examination, the process server admitted that he did not leave a card or message for appellee, and did not attempt to contact appellee by phone. Appellee was not served at his office until it was too late. We note that it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served. *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir.1987). The trial court's dismissal of the action for untimely service of process was not an abuse of discretion. Service of process outside the 120–day time period was ineffective. *See Winters*, 776 F.2d at 1305.

We have considered appellant's other contentions, including his claims that timely service was made in accordance with a local rule and that the trial judge incorrectly reconsidered a ruling of another trial judge contrary to local rule. We find these other contentions without merit.

AFFIRMED.