**Leroy G. REYNOLDS, Plaintiff,**

v.

**FEDERAL CROP INSURANCE CORPORATION, Defendant.**

No. 89–C–693.

United States District Court, D. Colorado.

Dec. 18, 1990.

---

James Croshal, Pueblo, Colo., for plaintiff.

Paula Ray, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION
## AND ORDER

CARRIGAN, District Judge.

Plaintiff Leroy G. Reynolds commenced this action seeking recovery on insurance contracts allegedly issued by the defendant Federal Crop Insurance Corporation (FCIC). Currently pending is the defendant's motion to dismiss for insufficiency of service of process. Plaintiff has responded by opposing the motion.

The parties have briefed the issues and oral argument would not materially facilitate the decision process. Jurisdiction is alleged to exist pursuant to 7 U.S.C. § 1506(d).

### I. *Facts and Procedure.*

This suit was filed on April 21, 1989. On August 11, 1989, this court ordered the plaintiff to show cause why the action should not be dismissed for failure to prosecute. Plaintiff responded to that order on August 21, 1989, requesting additional time to decide whether to serve the defendant. By order of August 22, 1989, this court allowed the plaintiff until September 11, 1989, to notify the court of the status of service. Plaintiff served the FCIC on September 7, 1989.[1] Plaintiff has not yet served either the United States attorney for the District of Colorado or the United States Attorney General.

Defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) asserting that the plaintiff, without good cause, has: (1) failed to serve FCIC within the 120 day period mandated by Fed.R.Civ.P. 4(j); and (2) failed timely to serve the United States as required by Fed.R.Civ.P. 4(d)(4), (5) and 4(j). Plaintiff responds that Fed.R.Civ.P. 4(d)(4), (5) and 4(j) are inapplicable, and that this court's order of August 22, 1989, en-

---

1. Defendant has so asserted. Plaintiff asserts that the FCIC was served on September 8, 1989. (Plaintiff's response to motion to dismiss, ¶ 9, p.

2.) Because the record does not reveal the precise date of service, I will assume that service was made on September 7, 1989.

larged the time during which service could be made.

## II. Analysis.

■ FCIC is an agency of the United States within the Department of Agriculture. 7 U.S.C. § 1503. Suit against the FCIC constitutes suit against the United States. Fed.R.Civ.P. 4(d)(5); *Edmonds v. Federal Crop Ins. Corp.*, 684 F.Supp. 656, 657 (N.D.Ala.1988).

Service of process on an agency of the United States is governed by the requirement of Fed.R.Civ.P. 4(d)(5) that both the agency and the United States must be served. Service on an agency that is a corporation, like the FCIC, is governed by Rule 4(d)(3).

Service upon the United States is governed by Rule 4(d)(4), which requires service upon both the United States attorney for the district in which the action is brought and upon the Attorney General.

■ Rule 4(j) requires a court to dismiss a suit if the defendant is not served within 120 days after the filing of the complaint, unless good cause is shown why service was not effected within that time. *Putnam v. Morris*, 833 F.2d 903, 904 (10th Cir.1987). The good cause standard is stringent and is not met by showing inadvertence of counsel, change of counsel or similar excuses. *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476 (N.D.Ill.1984). Pursuant to Fed.R.Civ.P. 6(b)(2), a court has the power to extend the 120–day period after it has run, but only if the movant demonstrates good cause that the court deems to constitute excusable neglect. *Putnam*, 833 F.2d at 905.

■ Plaintiff filed his complaint on April 21, 1989. This court *sua sponte* alerted the plaintiff to service time limitations by issuing the order to show cause of August 11, 1989. On that date, the plaintiff still had approximately eight days left timely to make service on the FCIC and the United States. During those eight days, however, the plaintiff made no attempt to perfect service. Instead, on August 21, 1989—two days after the 120–day period of Rule 4(j) had passed—the plaintiff's counsel responded to this court's order to show cause

by requesting until September 11, 1989 to determine *whether* to serve process or to allow the suit to be dismissed. (*See* Plaintiff's response to order to show cause, p. 3.)

Plaintiff argues that this court's order of August 22, 1989, constituted an enlargement of time to perfect service. Nowhere in the plaintiff's response to that order, however, did the plaintiff ask for a time extension. Moreover, the plaintiff's argument is unavailing even if this court's order had allowed additional time. That order clearly provided that the plaintiff had only until September 11 to notify the court of the status of service. While service was made on the FCIC within that time, no service was even attempted on the United States. Judgment cannot be entered against the United States without proper service. *Jordan v. United States*, 694 F.2d 833, 835 (D.C.Cir.1982).

■ Plaintiff further argues that good cause exists for the lack of timely service. The reason advanced, however, is not cause at all, let alone good cause. Counsel asserts that at the time the complaint was filed neither he nor his client had records relevant to this action. These records allegedly are in the possession of the FCIC, the plaintiff's former counsel and some other unnamed individual. (*See* Plaintiff's response to motion to dismiss, p. 2.) Counsel further asserts that he has attempted "both by telephone calls and by instituting litigation, to obtain the plaintiff's records" but has been unsuccessful. *Id.*

How these facts constitute good cause for failure timely to serve process is entirely unclear. Plaintiff's counsel either knew facts that justified commencing suit or he violated Fed.R.Civ.P. 11 by filing a complaint without an adequate factual basis. Knowledge of facts beyond those that justified filing suit was not required to serve timely process. The method of service prescribed by Fed.R.Civ.P. 4 requires only simple, mechanical procedures to save a cause of action from a time bar. Assuring that process timely is served is counsel's responsibility. *Putnam*, 833 F.2d at 905.

■ Plaintiff's counsel appears now to request still more time to effect service on the United States. While this request is

not styled as a motion under Fed.R.Civ.P. 6(b)(2), I will treat it as such. Plaintiff's motion, however, must be denied. This court can extend the time period for service only if the delay can be treated as excusable neglect. *Putnam*, 833 F.2d at 905. Counsel's ignorance does not suffice. *Id.* Absent some showing of a good faith effort on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified, additional time for service cannot be granted. *Id.* Apparently, the plaintiff's counsel has never made an attempt to perfect service on the United States. The facts admit no justification to allow a further extension of time.

The purpose of the mandatory 120 day time period for service in Rule 4(j) is to force plaintiffs (or, more realistically, their lawyers) to exercise diligence in order to preserve suits from time limitation problems. *Coleman*, 100 F.R.D. at 477. While this court is extremely reluctant to dismiss a claim for relief because of an attorney's neglect, the facts of the instant case and the law I am duty bound to apply, compel that result.

Accordingly, IT IS ORDERED that the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) is granted.

Plaintiff's claims and action against the defendant Federal Crop Insurance Corporation are dismissed without prejudice.