Jerome CARLSON, et al., Plaintiffs,

v.

NATIONAL PETROLEUM, INC., et al., Defendants.

No. 87–C–1223.

United States District Court, D. Colorado.

April 9, 1991.

Joseph Davies, Denver, Colo., for plaintiffs.

Timothy J. Lamb, David Von Gunten, Denver, Colo., Thomas Taylor, Beverly Hills, Cal., William Fishman, Paul Metzinger, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs commenced this action asserting securities fraud claims under both federal and state law. Defendant Joseph Gardner has moved to dismiss the action, arguing that the plaintiffs have not complied with Fed.R.Civ.P. 4(j).[1] Plaintiffs have responded by opposing the motion.

The parties have fully briefed the issues and oral argument would not materially facilitate decision. Jurisdiction is asserted under 15 U.S.C. §§ 77v(a) and 78aa.

### I. Facts.

Prior to filing this action, the plaintiffs hired a private investigator to research the securities transactions at issue. That investigator interviewed several people in California. When asked who might know of the transactions, one interviewee responded, "You might talk to Joe Gardner, he's listed in the phone book. He's in Thousand Oaks." (Plaintiff's brief, p. 3.)

In his sworn affidavit, Gardner avers that he has resided at the same address in Thousand Oaks, California, since 1983. Thousand Oaks is located in Ventura County. Defendant is the only Joseph Gardner listed in the Ventura County telephone directory. (Gardner affidavit, Ex. A.)

Plaintiffs commenced the action on August 14, 1987. On May 16, 1988, this court ordered the plaintiffs to show cause why the action should not be dismissed for failure to prosecute the defendants not served, including Gardner. Plaintiffs responded that they were attempting to locate and serve the defendants, and that service could be effected during discovery. (Plaintiffs' response to show cause order, filed May 25, 1988.)

More than fifteen months later, on August 28, 1989, I again ordered the plaintiffs to show cause why the action should not be dismissed for failure to prosecute. Plaintiffs' counsel responded that Gardner's whereabouts were unknown and that service of process had not been attempted. (Plaintiff's response to second show cause order, filed September 7, 1989.)

I discharged the second show cause order on September 7, 1989, and directed that the plaintiffs file monthly status reports regarding service. Except for February 1990, the plaintiffs filed regular reports from October 1989 through March 1990. Plaintiffs served Gardner on March 20, 1990, more than two and one-half years after the action was commenced.

### II. Analysis.

◼ Defendant argues that the action must be dismissed because the plaintiffs, without good cause, failed to serve him within the 120 day period mandated by Fed.R.Civ.P. 4(j). Rule 4(j) requires a court to dismiss a suit if the defendant is not served within 120 days after the filing of the complaint, unless good cause is shown why service was not timely effected. *Putnam v. Morris*, 833 F.2d 903, 904 (10th Cir.1987). The good cause standard is stringent and is not met by showing inadvertence of counsel, change of counsel or similar excuses. *Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476 (N.D.Ill.1984).

◼ It is an attorney's responsibility to see to it that process is timely served. *Putnam*, 833 F.2d at 905. Pursuant to Fed.R.Civ.P. 6(b)(2), a court has the power to extend the 120–day period after it has run, but only if the movant demonstrates good cause that the court deems to consti-

---

**1.** While it is not so styled, the motion will be treated as one for dismissal under Fed.R.Civ.P. 12(b)(5).

tute excusable neglect. *Id.* Counsel's mere inadvertence is insufficient. *Id.*

Plaintiffs assert that service was adequate, arguing: (1) that good cause existed for the failure to timely serve Gardner; and (2) that discharge of the court's show cause orders enlarged the time for service.

■ Both arguments are unavailing. First, good cause for failure to timely serve Gardner is not apparent. Plaintiffs' brief suggests that before the action was commenced Gardner was identified as a potential defendant based upon the California private investigator interviews. A report of those interviews has been in the plaintiffs' counsel's file since April 1987. (Plaintiffs' brief, p. 3.) That report contains specific information identifying where Gardner could be served. The fact that information "unaccountably did not come to the attention of counsel for the Plaintiffs," *see id.* at p. 7, does not establish good cause, but instead, justifies a conclusion that untimely service resulted from counsel's inadvertence or inattention to the case.

Counsel ultimately discerned Gardner's whereabouts through discovery and private investigation. That diligence, however, does not vitiate the failure to use the same information that justified naming Gardner as a defendant to divine his location for timely service. Gardner's absence has precluded his involvement in discovery and his ability to join or submit timely dispositive motions. In these circumstances, I conclude that good cause for failure timely to serve process on Gardner does not exist.

■ Plaintiffs argue, however, that because Local Rule 201 provides a court discretionary power to dismiss for untimely service, this court's failure *sua sponte* to dismiss the case when discharging the show cause orders "must be construed as a finding that good cause had been shown why service had not been obtained." (Plaintiffs' brief, p 9.) I disagree.

First, under Rule 6(b)(2), time may be enlarged after expiration of the 120 day period only upon motion when the failure to act constituted excusable neglect. The first show cause order here, however, was issued more than nine months after the action commenced. Plaintiffs have never moved for time enlargement. This court's reluctance to dismiss the case on its own motion, discretionary under Local Rule 201, cannot reasonably be construed as a factual finding that good cause existed.

Moreover, the second show cause order was issued fifteen months after the first. By prompting the plaintiffs' counsel via show cause order to address the critical matter of service, I expressed no opinion whether plaintiffs had good cause for failing to timely serve Gardner. Rather my concern was with the glacial pace of the litigation, and the potential prejudice to defendants named but not served. I illuminated those concerns when, in discharging the second show cause order, I directed the plaintiffs to file monthly status reports. Again, no time enlargement was requested. For the above reasons, I reject the plaintiffs' argument that I granted a *de facto* time enlargement.

Accordingly, IT IS ORDERED that Gardner's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) is granted. Plaintiffs' claims and action as against Gardner are dismissed without prejudice.