25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy A. CLOYD, Plaintiff-Appellant,
v.
Arthur ANDERSEN & COMPANY, INC., Defendant-Appellee,
and
Roxanne LAINE, Defendant.
 No. 93-4199.
 United States Court of Appeals,
Tenth Circuit.
 June 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's dismissal of his complaint for failure to effect service on defendant-appellee Arthur Andersen & Co. within 120 days after the filing of the complaint, as required by former Fed.R.Civ.P. 4(j) (now Rule 4(m)). The district court determined that plaintiff did not establish either good cause to excuse his failure to comply with Rule 4(j) or excusable neglect to warrant extending the time for service pursuant to Fed.R.Civ.P. 6(b)(2).
 
 
 3
 "Dismissal of a complaint for failure to comply with the 120-day time period contained in Fed.R.Civ.P. 4(j) will be set aside only for an abuse of discretion." Putnam v. Morris, 833 F.2d 903, 904 (10th Cir.1987). We conclude that the district court did not abuse its discretion and, therefore, affirm.
 
 
 4
 Acting pro se, plaintiff filed a complaint against defendants on December 17, 1992, the ninetieth day after he received a right to sue letter from the Equal Employment Opportunity Commission, alleging causes of action for discrimination and wrongful termination. Plaintiff did not attempt service of the complaint on either defendant. In early April 1993, plaintiff retained counsel, who filed an amended complaint on April 12. On April 15, the 120th day after the original complaint was filed, plaintiff served a summons and the amended complaint on defendant Arthur Andersen.
 
 
 5
 The summons, however, was not signed by the clerk of the court or issued under the seal of the court, as required by Rule 4(b). Instead, the summons was issued by plaintiff's counsel over his own signature. As such, plaintiff concedes, the summons was incurably defective. See, e.g., United States v. National Muffler Mfg., Inc., 125 F.R.D. 453, 455 (N.D. Ohio 1989); 2 James W. Moore, Moore's Federal Practice 1/24.04 (2d ed.1994). On May 1, 1993, Arthur Andersen moved to dismiss the complaint on the ground that plaintiff failed to effect valid service within 120 days of filing the complaint. On May 16, plaintiff served a proper summons and complaint on Arthur Andersen. On May 23, plaintiff filed a motion seeking to enlarge the time for service, which the district court construed to be a motion pursuant to Rule 6(b)(2). Arthur Andersen then moved again to dismiss the complaint, arguing that plaintiff had shown neither good cause nor excusable neglect for his failure to effect timely service. The district court agreed, and dismissed the complaint. Because the statute of limitations had then run on plaintiff's claims, the district court's dismissal was with prejudice. See Putnam, 833 F.2d at 904-05 (noting that although a dismissal for failure to serve complaint timely is without prejudice, it may "operate as a dismissal with prejudice when the action will be time-barred").
 
 
 6
 On appeal, plaintiff argues that the district court abused its discretion in dismissing his complaint because it failed to consider that (1) plaintiff exercised diligent and reasonable effort to serve the summons and complaint on time; (2) Arthur Andersen had actual notice of the civil action; (3) Arthur Andersen suffered no prejudice as a result of the untimely service; and (4) plaintiff would be severely prejudiced by the dismissal. We do not find plaintiff's arguments persuasive.
 
 
 7
 Contrary to plaintiff's assertions, the record shows that plaintiff was extremely dilatory in serving the complaint and summons: plaintiff waited until the last day to attempt service. That counsel acted promptly to correct the defect in service once he learned of it does not excuse either his client's failure to effect service during the more than three months that he proceeded pro se, see DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir.1993)(noting that pro se litigants are required to follow the dictates of Rule 4(j)), or his own failure to ensure that proper service was effected within the remaining time once he was retained as counsel. As to the remaining three factors, when service on the United States is not at issue, neither actual notice to the defendant, lack of prejudice to the defendant, nor prejudice to the plaintiff, whose claims will be time-barred, constitute good cause for failing to comply with the time requirements of Rule 4(j). Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 n. 5, 1439 (10th Cir.1994).
 
 
 8
 Nor do the facts relied on by plaintiff demonstrate excusable neglect that might warrant an extension of the time for service pursuant to Rule 6(b)(2). See Putnam, 833 F.2d at 905 (noting that the good cause and excusable neglect standards are interrelated); In re Four Seasons Sec. Laws Litig., 493 F.2d 1288, 1290 (10th Cir.1974)("We recognize that a finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period.").
 
 
 9
 The district court's extremely thorough memorandum decision reveals that it fully considered all the relevant facts and law in reaching its decision. Plaintiff argues, however, that we should review the district court's decision in light of the amendments to Rule 4 that took effect on December 1, 1993, while this case was pending on appeal. Pursuant to those amendments, the provisions of Rule 4(j) were incorporated in new Rule 4(m), with one change: district courts now have discretion to allow the plaintiff additional time in which to serve the complaint without a showing of good cause. See Fed.R.Civ.P. 4(m) advisory committee's note. Arthur Andersen argues, in turn, that the 1993 amendments do not apply here.
 
 
 10
 We need not decide whether the provisions of new Rule 4(m) apply to this case. Under the new rule, the grant of additional time remains discretionary with the district court. That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120 days does not mandate an extension of time under new Rule 4(m). See Fed.R.Civ.P. 4(m) advisory committee's note ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action....")(Emphasis added.).
 
 
 11
 Plaintiff, here, waited until the last day of the statute of limitations to file his complaint and then waited until the last day of the service period to serve his complaint. Valid service, therefore, was imperative to preserve plaintiff's claims. Yet plaintiff failed to take the simple precaution of ensuring that the summons was properly issued by the clerk of the court. A facial examination of the summons served shows that it did not even contemplate issuance, signature, or seal by the clerk of the court. Compare Br. of Appellee, Addendum A with Fed.R.Civ.P., App. of Forms, Form 1. Under the circumstances, it was not an abuse of discretion to dismiss the complaint under former Rule 4(j), and it would not be an abuse of discretion to dismiss it under new Rule 4(m).
 
 
 12
 The judgment of the United States District Court for the District of Utah is AFFIRMED. Defendant Arthur Andersen's motions for sanctions and to strike plaintiff's response to sanctions are DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470