PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 6/12/96**

TENTH CIRCUIT

IN RE:  SCOTT FRANK KIRKLAND and
CHRISTY BATES KIRKLAND,

      Debtors,

No. 95-4081

EVELYNE BROITMAN,

      Appellant,

v.

SCOTT FRANK KIRKLAND,

      Appellee.

GEORGE HERMESTROFF and HELEN
HERMESTROFF,

      Appellants,

v.

No. 95-4131

SCOTT FRANK KIRKLAND,

      Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. Nos. 95-CV-49, 95-CV-50)

Submitted on the briefs:

Scott C. Pierce, of McKay, Burton & Thurman, Salt Lake City, Utah, for Appellants.

Jerome Romero, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, for Appellee.

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's orders affirming the bankruptcy court's dismissals of their adversary proceedings. Plaintiff Evelyne Broitman (appeal No. 95-4081) and plaintiffs George and Helen Hermestroff (appeal No. 95-4131) brought separate proceedings, seeking judgments that debts owed to them were nondischargeable. The district court dismissed each of the proceedings for lack of timely service upon defendant/debtor Kirkland. The order affirming the dismissal of plaintiff Evelyne Broitman's complaint may

2

be found at <u>Broitman v. Kirkland (In re Kirkland)</u>, 181 B.R. 563 (Bankr. D. Utah 1995). The order from which the Hermestroffs appeal is unpublished. This court consolidated these cases on its own motion, Fed. R. App. P. 3(b), and affirms.

## I.

The facts are undisputed. Plaintiffs filed their proceedings pro se in the bankruptcy court on May 20, 1994. Pursuant to Fed. R. Civ. P. 4(j), plaintiffs were required to serve defendant Kirkland with the summons and complaint in each proceeding on or before September 17, 1994.[1] Since that date fell on a Saturday, the time for service was extended until Monday, September 19, 1994. <u>See</u> Fed. R. Bankr. P. 9006(a).

---

[1]     Rule 7004(a) of the Federal Rules of Bankruptcy Procedure makes certain provisions of Fed. R. Civ. P. 4, including Rule 4(j), applicable to adversary proceedings. Rule 7004(g) specifies that the provisions of Rule 4 in effect on January 1, 1990, apply, notwithstanding any subsequent amendment to Rule 4. Rule 4(j) has subsequently been amended, with the new rule being found at Rule 4(m). Former Federal Rule of Civil Procedure 4(j), applicable here, stated:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to each party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (I) of this rule.

3

Each plaintiff failed to meet the deadline for service. Each summons and complaint was served one day late, on Tuesday, September 20, 1994. Defendant moved for dismissal of the complaints for untimely service.

The bankruptcy court held a consolidated hearing on the motions to dismiss, at which plaintiffs argued that the proceedings should not be dismissed because there was "good cause" for their failure to timely serve the defendant. See former Fed. R. Civ. P. 4(j). As evidence of good cause, plaintiff Broitman presented her affidavit, in which she described her reasons for delay:

> 2. I understood, under the law, that I had until September 20, 1994 in which to serve the Debtor with the Complaint and Summons. The Complaint and Summons was (sic) served by that date.
>
> 3. I waited to serve the Complaint and Summons because there are ongoing legal proceedings in the State of California between myself and the Debtor's partnership and/or connected entities. These legal proceedings may have made it unnecessary for me to pursue this non-dischargeability action. However, these legal proceedings are continuing and have not been resolved, therefore making it necessary for me to pursue the Debtor in this non-dischargeability action.

Appellants' App. at 22.

Plaintiff George Hermestroff presented his own, identically-worded affidavit. See id. at 34-35. The bankruptcy court considered the affidavits and determined that plaintiffs had failed to show good cause for failure to timely serve defendant. See Court's Ruling, Appellees' Supp. App. at 5. The court granted defendant's motions to dismiss, and the district court affirmed.

## II.

In reviewing a district court's decision affirming the decision of a bankruptcy court, this court applies the same standards of review which governed the district court. In re Tanaka Bros. Farms, Inc., 36 F.3d 996, 998 (10th Cir. 1994). The bankruptcy court's findings of fact will be rejected only if clearly erroneous. In re Mama D'Angelo, Inc., 55 F.3d 552, 555 (10th Cir. 1995). Its conclusions of law, however, are reviewed de novo. In re Davidovich, 901 F.2d 1533, 1536 (10th Cir. 1990). Dismissal of a complaint for failure to comply with Rule 4(j)'s 120-day time limit for service is committed to the bankruptcy court's discretion and will be set aside only for an abuse of that discretion. See Putnam v. Morris, 833 F.2d 903, 904 (10th Cir. 1987).

## III.

Rule 4(j) requires the court to dismiss a proceeding if service has not been made upon the defendant within 120 days after filing and the party responsible for service cannot show good cause why it was not made. Rule 4(j) does not define "good cause." See Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir. 1991). This court has interpreted the phrase narrowly, rejecting inadvertence or neglect as "good cause" for untimely service. See, e.g., Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994); Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987); see generally Cloyd v. Arthur Anderson & Co., 151 F.R.D. 407, 411 (D. Utah 1993)(summarizing cases), aff'd, No. 93-4199, 1994 WL 242184 (10th Cir. June 7, 1994).

Plaintiffs argue that the Supreme Court's decision in <u>Pioneer Investment Services Co.</u> <u>v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380 (1993), requires the application of a more flexible standard in evaluating "good cause." In <u>Pioneer</u>, the Supreme Court considered the meaning of the phrase "excusable neglect" contained in Bankruptcy Rule 9006(b)(1).[2] Prior to <u>Pioneer</u>, some circuits interpreted "excusable neglect" to require proof that failure to timely perform a duty was due to circumstances beyond the party's control. <u>Pioneer</u>, 507 U.S. at 387 n.3. The Supreme Court rejected this narrow interpretation, holding that the plain meaning of the word "neglect" includes inadvertent or negligent omissions. <u>Id.</u> at 394-95. The court determined that "excusable neglect" could include attorney

---

[2] Bankruptcy Rule 9006(b)(1) reads as follows:

(b) Enlargement

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

inadvertence or negligence, provided certain mitigating circumstances were present. Id. at 395-97.

The circuits mentioned in <u>Pioneer</u> rejected inadvertence as a basis for showing "excusable neglect," just as this court has also rejected it as a sufficient showing of "good cause." Plaintiffs seize on this similarity and urge application of <u>Pioneer</u>'s flexible approach to the interpretation of "good cause."

The <u>Pioneer</u> Court did not in any way link its discussion of "excusable neglect" with "good cause" under Rule 4(j). Plaintiffs attempt to show that the standards are similar, citing <u>Putnam</u>, 833 F.2d at 905, in which this court stated that the two standards are interrelated. A careful reading of <u>Putnam</u> discloses, however, that the court clarified the interrelationship with a telling quotation from <u>Winters v. Teledyne Movible Offshore, Inc.</u>, 776 F.2d 1304, 1306 (5th Cir. 1985):

> Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require <u>at least as much</u> as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified" is normally required. 10 Wright & Miller, Federal Practice and Procedure: Civil § 1165 at 622 (emphasis added). <u>The district court is clearly not compelled to accept a lesser "excusable neglect" showing</u>.

833 F.2d at 905 (emphasis added).

Putnam thus recognized that the two standards, although interrelated, are not identical and that "good cause" requires a greater showing than "excusable neglect."[3]  In Cox, 941 F.2d at 1125, the court also acknowledged that "good cause" under Rule 4 and "excusable neglect" under Rule 60 were not identical.  Thus, the cases do not support plaintiffs' position.

Considering this issue anew in light of Pioneer, there are several reasons not to apply its flexible test concerning excusable neglect to the "good cause" standard under Rule 4(j).  First, in reaching its result in Pioneer, the Supreme Court relied upon the plain meaning of the term "neglect," which can connote negligence or inadvertence.  507 U.S. at 394-95.  The plain meaning of the phrase "good cause" has no such connotation.  Second, the Supreme Court relied upon use of the term "excusable neglect" in a broad sense in Rules 6(b), 13(f), 60(b)(1), and 60(b)(6).  507 U.S. at 392-93.  This phrase is not, however, used in Rule 4(j).  Had the drafters of the federal rules intended to include an excusable neglect standard in Rule 4(j), they could certainly have done so.  Third, the Supreme Court noted that Rule 9006's allowance for late filings due to "excusable neglect" serves an equitable purpose in Chapter 11 proceedings.  Pioneer, 507 U.S. at 389.  Rule 4(j), by contrast, applies to a wide variety of proceedings and does not have a similar, equitable purpose.  Finally, Rule 4(j) is a separate rule and operates independently from Bankruptcy Rule 9006(b)(1); Rule 9006(b)(1) may

---

[3]     It should be noted that in Putnam, the court discussed "excusable neglect" under Fed. R. Civ. P. 6(b).  Bankruptcy Rule 9006(b)(1) is patterned after Rule 6(b) and serves a similar purpose.  See Pioneer, 507 U.S. at 391.

actually relieve litigants from the harsh consequences of Rule 4(j).[4] The standard for evaluating "good cause" contained in Rule 4(j) is not affected by the Supreme Court's decision in Pioneer. See also Dederick & Himlie, P.A. v. DuFour (In re DuFour), 153 B.R. 853, 857 (Bankr. D. Minn. 1993).

IV.

The ultimate question is whether the bankruptcy court abused its discretion in finding that plaintiffs failed to show good cause for their failure to timely serve defendant. The court noted that, although plaintiffs filed their complaints pro se, they had some familiarity with the bankruptcy process, and had some access to legal counsel. Court's Ruling, Appellees' Supp. App. at 3. It further found that the plaintiffs made a strategic or economic decision, based upon other litigation, to wait until the last minute to serve defendant. Id. Plaintiffs showed that they miscalculated or neglected the filing date, but failed to show good cause for their error. Id.

Pro se litigants must follow the requirements of Rule 4(j). DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993). As stated above, inadvertence or negligence alone do not constitute "good cause" for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice. Putnam, 833 F.2d at 905; Despain, 13 F.3d at 1439.

---

[4] The interrelationship of these two rules suggests that plaintiffs might have brought themselves within the "excusable neglect" standard by filing a motion requesting extension of time for service under Rule 9006(b)(1). See Kacesse, Inc. v. Williams (In re Williams), 178 B.R. 255, 258-59 (Bankr. D. Mont. 1995). However, the district court found that there was no evidence that they did so. See Kirkland, 181 B.R. at 567.

9

Plaintiffs testified to their understanding that they had until September 20, 1994, to achieve service on defendant. They failed, however, to supply any explanation for this misunderstanding. Unexplained assertions of miscalculation do not constitute "good cause." See Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 287 (2d. Cir. 1989), cert. denied, 494 U.S. 1028 (1990). Although a small delay in achieving service may not prejudice the defendant, absence of prejudice alone does not constitute good cause. Despain, 13 F.3d at 1439. Moreover, plaintiffs' affidavits reveal that they waited, apparently for strategic reasons, until the perceived last possible moment to serve defendant. The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule. Id. at 1438.

In sum, the bankruptcy court did not abuse its discretion in dismissing this action. The judgment of the United States District Court for the District of Utah is AFFIRMED.