133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BRANDON H., a minor, by and through his guardians, Richard
H., guardian, and Marla H., guardian, Plaintiffs-Appellants,
v.
KENNEWICK SCHOOL DISTRICT NO. 17, a municipal Washington
corporation, Judith Billings, Washington State
Supertindent of Public Instruction,
Defendants-Appellees
 No. 96-35789.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1997.**
Decided Jan. 12, 1998.
 
 1
 Before FLETCHER, O'SCANNLAIN, and SCHWARZER, JJ.***
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellant Brandon H., a minor, by and through his guardians, Richard H. and Marla H., appeals the district court's order denying his motion for an enlargement of time to serve process upon the defendant Kennewick School District and dismissing his action for failure to timely serve the defendant pursuant to Federal Rule of Civil Procedure 4(m). We have jurisdiction pursuant. to 28 U.S.C. § 1291.[1]
 
 
 4
 We review the district court's denial of Brandon's motion for an enlargement of time, and its consequent dismissal of Brandon's action under Rule 4(m), for abuse of discretion. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994). Because we find none, we affirm.
 
 
 5
 The facts underlying this action are known to the parties and we shall not repeat them here.
 
 Rule 4(m) provides, in relevant part:
 
 6
 Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....
 
 
 7
 Fed.R.Civ.P. 4(m). Under the Rule a plaintiff has two potential avenues to relief from a dismissal for failure to comply with the 120-day service window: first, he may establish "good cause" for his failure to timely serve the defendant, in which case the district court must grant an enlargement of time for service, second, the district court may, in its discretion, grant an extension even if plaintiff has, not demonstrated "good cause." See Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995) (outlining the two step inquiry under Rule 4(m)).
 
 
 8
 In his effort to demonstrate "good cause," Brandon complains:
 
 
 9
 There is no evidence in the record before this Court that establishes Defendant's attempt to advise Plaintiffs of any defect associated with attempted service. Conversely, the record before this Court allows for the plausible and rational finding that Defendant knew of the defects associated with Plaintiffs' attempted service ... and simply laid in wait.
 
 
 10
 Appellant's Opening Brief at 13-14 (emphasis in original) Contrary to Brandon's suggestion, however, the School District owed him no affirmative duty of notification regarding service defects. Indeed, it is well-established that it is the plaintiff, and not the defendant, who is charge under the Federal Rules with ensuring that service is properly executed. See Fed.R.Civ.P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under [Rule 4(m) ]....").
 
 
 11
 Moreover, Brandon's tardiness is not excused by his reliance upon the assurances of private process servers that service had been effected. Blind faith reliance upon the representations of private process servers is inappropriate and does not constitute good cause. See Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991); Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 84-85 (3d Cir.1987). Rather, "it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir.1987).
 
 
 12
 Even if we were to assume that a duty of notification existed, we would conclude that the School District had discharged that duty. On two separate occasions--once on August 9, 1995 and again on August 24, 1995--the 3chool District alerted Brandon to the fact that it had not been properly served. Despite those warnings, which came three full weeks before the 120-day service window closed, Brandon failed to make timely service.
 
 
 13
 Consequently, we conclude that the district court did not abuse its discretion in deciding that Brandon had failed to show "good cause" for his failure to make timely service on the School District.
 
 
 14
 The district court correctly perceived that it had discretion under Rule 4(m) to permit an extension of time in spite of the fact that Brandon failed to demonstrate "good cause." The 1993 Advisory Committee Notes state that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences [of a dismissal] even if there is no good cause shown." The Notes go on to suggest that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action...." However, although the running of the statute of limitations on Brandon's Individuals With Disabilities Education Act ("IDEA") claim is "a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)," Boley v. Kaymark, 123 F.3d 75E, 759 (3d Cir.1997) (emphasis added), "[t]he district court, of course, retains discretion to refuse to extend time, even if the statute of limitations has run, id. (citing Petrucelli, 46 F.3d at 1306, and Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887-88 (8th Cir.1996)).
 
 
 15
 In this case, the district court declined to exercise its discretion to allow Brandon an enlargement of time to serve the School District, despite the fact that the statute of limitations on his IDEA claim had run. The court found Brandon's failure to effect service within a year of filing his complaint and his unexplained delay of more than eight months in moving the court for an extension under Rule 4(m) to be patently inconsistent with one of the principal policies underlining the IDEA: the expeditious resolution of claims. We conclude that the district court did not abuse its discretion in refusing to grant a discretionary enlargement.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 **
 * The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The record makes clear that the district court's dismissal of Brandon's action was a "final decision" within the meaning of § 1291, despite the fact that the dismissal was made "without prejudice." See National Distrib., Agency v. Nationwide Mut. Ins. Co., 117 F.3d 432, 433-34 (9th Cir.1997) (directing courts to review the entire record to determine whether an order granting a motion to dismiss is appealable pursuant to § 1291); WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1994) (en banc) (same)