**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAURICE WOMBLE,

      Plaintiff-Appellant,

v.

SALT LAKE CITY CORPORATION;
JUDGE DENNIS FUCHS; EDNA
DRAKE,

      Defendants-Appellees.

No. 03-4107
(D.C. No. 2:01-CV-1042-TC)
(Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

On December 27, 2001, Maurice Womble filed suit against various Utah

state agencies and officials alleging violations of 42 U.S.C. §§ 1983 and 1985.

Mr. Womble's claims appear to stem from the City of Salt Lake's denial of his

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

application for a license to operate a sexually oriented business. On March 18, 2003–nearly a year and three months after Mr. Womble filed his complaint–the district court issued an Order directing Mr. Womble to show cause why the court should not dismiss his claims without prejudice for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). While Mr. Womble did serve the defendants on March 21, 2003, his response to the court's Order failed to address any cause for this significant delay in effecting service. As such, the district court dismissed Mr. Womble's complaint without prejudice. Mr. Womble appeals that dismissal.

Also before us are arguments advanced by Judge Dennis Fuchs that Mr. Womble's claims against him are barred by the statute of limitations, the Eleventh Amendment, and the principle of judicial immunity. Having considered these contentions, we affirm the district court's dismissal but hold it should be treated as a dismissal with prejudice with respect to claims against Judge Fuchs.

## I. DISMISSAL FOR FAILURE TO EFFECT SERVICE

"We review the district court's dismissal for untimely service for an abuse of discretion." *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) (citing *Jones v. Frank*, 973 F.2d 872, 972 (10th Cir. 1992)). Rule 4(m) mandates:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that

defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

This circuit employs a two-step analysis for dismissal pursuant to Rule 4(m). *See Espinoza*, 52 F.2d at 841. The district court must first consider whether a defendant has shown good cause for failure to serve a defendant. *Id.* "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.* The court may then, within its discretion, dismiss without prejudice or extend the time for service. *Id.*

Mr. Womble's March 26, 2003, response to the district court's order does not demonstrate cause for his failure to effect service, nor does it set forth any reasons why the district court should permissively extend the 120-day period for service. The district court thus did not abuse its discretion in dismissing Mr. Womble's complaint without prejudice pursuant to Rule 4(m).

That Mr. Womble did in fact effect service after the court's order does not alter our analysis. This service was well outside the 120-day period, and it was therefore without effect absent a finding of good cause or a permissive extension from the district court. *Putnam v. Morris*, 833 F.2d 903, 904 (10th Cir. 1987).

## II. DISMISSAL WITH PREJUDICE AS TO JUDGE FUCHS

In arguing that dismissal of Mr. Womble's suit against him should operate as dismissal with prejudice, Judge Fuchs relies on *Putnam.* In that case, this court held that "[d]ismissal for failure to serve within the time period is without prejudice. It may, however, operate as a dismissal with prejudice when the action will be time-barred." *Putnam*, 833 F.2d at 904-05.

The civil rights claims Mr. Womble lodges against Judge Fuchs arise out of Mr. Womble's appearance in Judge Fuch's courtroom in 1996. *See* Rec., doc. 17 at 1. The statute of limitations applicable to Mr. Womble's claims is four years. *See Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995); UTAH CODE ANN. § 78-12-25(3). Mr. Womble's December 2001 complaint, filed at least five years after the events in Judge Fuchs courtroom took place, falls outside the limitations period. Therefore, the district court's dismissal as to Judge Fuch's claims shall operate as a dismissal with prejudice.

The district court did not abuse its discretion in dismissing without prejudice Mr. Womble's claims against Salt Lake City and Edna Drake. We hold, however, that the dismissal of the claims against Judge Fuchs should operate as a dismissal with prejudice. The district court's dismissal as to Salt Lake City and Edna Drake is therefore **AFFIRMED.** In light of our conclusion that the claims against Judge Fuchs should not have been dismissed without prejudice, we

-4-

**REMAND** that portion of the district court's order for dismissal with prejudice.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge