In re Barbara LANGSTON, Debtor.

Tony Divino Enterprises, dba Toyota Lincoln Mercury of Ogden, Appellant,

v.

Barbara Langston, Appellee.

Bankruptcy No. 03–30418.
Adversary No. 03P2307.
Civ. No. 2:04CV906 DS.

United States District Court,
D. Utah,
Central Division.

Jan. 13, 2005.

Gerry B. Holman, Esq., Winder & Haslam, Salt Lake City, UT, for appellant.

Kevin D. Whatcott, Esq., Whatcott, Barrett & Hagen, Salt Lake City, UT, for appellee.

## MEMORANDUM OPINION AND ORDER

SAM, Senior District Judge.

## I. INTRODUCTION

Appellant Tony Divino Enterprises, dba Toyota Lincoln Mercury of Ogden ("Divino"), appeals the order of the Honorable Judith A. Boulden, United States Bankruptcy Court, granting Appellee Barbara Langston's ("Langston") motion to dismiss Divino's adversary proceeding for failure to timely serve the Summons and Complaint as required by Fed.R.Civ.P. 4(m).

The material facts are as follows. Langston filed a Chapter 7 Petition in Bankruptcy Court on June 13, 2003. The deadline for filing a complaint objecting to discharge was October 6, 2003. Divino filed its Complaint on July 28, 2003. Divino states that an unsigned Summons and a copy of the Complaint were sent to Langston on July 28, 2003.

Because the court docket reflected no activity, on December 16, 2003, the Bankruptcy Court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution. Divino failed to respond. Instead, Divino states that on December 24, 2003, another copy of the Complaint, accompanied by an unsigned Summons, was sent to Langston. Finally, on January 16, 2004, Divino obtained a properly issued Summons and served it with the Complaint on the same date. In April of 2004, Divino and Langston, without the benefit of counsel, entered into settlement negotiations.

On June 16, 2004, the Bankruptcy Court issued a second Order to Show Cause as to why Divino's Complaint should not be dismissed for failure to serve the Summons and Complaint within 120 days as required by Fed.R.Civ.P. 4(m).[1]

On June 21, 2004, Divino responded to the second Order to Show Cause stating that service was not obtained within 120 days due to ongoing settlement negotiations. Divino further stated "... counsel for Divino respectfully requests that this Court consider this response as a motion to waive the requirement of service within 120 days, and that the parties be able to continue their negotiations while the case continues through discovery." On August 16, 2004, the Bankruptcy Court heard and granted Langston's Motion to Dismiss.

## II. STANDARD OF REVIEW

■ "Dismissal of a complaint for failure to comply with [the] 120–day time limit

---

1. Rule 7004 of the Federal Rules of Bankruptcy Procedure incorporates by reference Rule 4(m) relating to service of summons.

for service is committed to the bankruptcy court's discretion and will be set aside only for an abuse of that discretion." *Broitman v. Kirkland (In re Kirkland),* 86 F.3d 172, 174 (10th Cir.1996). *See also Putnam v. Morris,* 833 F.2d 903, 904 (10th Cir. 1987). An abuse of discretion occurs when "the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *McEwen v. City of Norman, OK,* 926 F.2d 1539, 1553–54 (10th Cir.1991) (citing *United States v. Ortiz,* 804 F.2d 1161, 1164 n. 2 (10th Cir.1986)). *See also Hendry v. Schneider,* 116 F.3d 446, 449 (10th Cir.1997) ("trial court abuses its discretion in determining whether there is 'good cause' if its decision is arbitrary, capricious, or whimsical").

## III. DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff serve a defendant with a copy of the summons and complaint within 120 days after filing the complaint. If the plaintiff fails to do so and does not show good cause for that failure, the court may dismiss the case without prejudice, or direct that service be effected within a specified time.

In essence, Divino urges that it showed good cause and that dismissal is an abuse of discretion under circumstances where Langston had prior notice of the adversary complaint, she was participating in settlement discussions, the Bankruptcy Court in dismissing the action failed to consider Divino's request that the 120 day service requirement be waived, and where Divino is time barred from refiling the matter.

The Bankruptcy Court correctly noted and discussed the three exceptions to the 120 day service requirement of Rule 4(m): (1) good cause under Rule 4(m); (2) discre-

tion under Rule 4(m); and (3) excusable neglect under Bankruptcy Rule 9006(b).

The plaintiff who seeks to rely on good cause provision must show meticulous effort to comply with the rule. *Broitman v. Kirkland (In re Kirkland),* 86 F.3d 172, 176 (10th Cir.1996). It is undisputed that Divino made no effort to properly serve Langston within the required 120 days. Divino's claim that Langston had actual notice is unavailing. "[A]ctual notice is not equivalent to a showing of good cause" for failure to timely effect service. *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1439 (10th Cir.1994). Under the circumstances presented, the Bankruptcy Court cannot be said to have abused its discretion in concluding that Divino failed to establish good cause for purposes of Rule 4(m).

Under Rule 4(m), the grant of additional time for service is a matter committed to the discretion of the trial court. The Bankruptcy Court considered and rejected Devino's limitations argument, balancing prejudice to Devino as a consequence of being barred from refiling, against the public policy favoring discharge of the debtor if prosecution is not timely. Although a statute of limitations problem may justify relief under Rule 4(m), *see* Advisory Committee Note to Rule 4(m), that factor alone is not determinative and does not make dismissal inappropriate. *See Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1439 (10th Cir.1994). Under the facts presented, the court cannot conclude that the Bankruptcy Court abused its discretion.

Bankruptcy Rule 9006(b) gives the bankruptcy court discretion to enlarge a deadline "where the failure was a result of excusable neglect." The Bankruptcy court considered various factors including "the danger of prejudice to the debtor, the

length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Having considered each of these elements, the Bankruptcy Court concluded, in essence, that Langston was prejudiced by the delay in receiving her discharge even if Devino were found to have acted in good faith, that Devino did not have a good reason for improper service even though service was in its complete control, and that settlement negotiations were not a sufficient reason for noncompliance with the 120 day time requirement. Under the circumstances presented, the court cannot conclude that the Bankruptcy Court abused its discretion in failing to find excusable neglect.

Finally, Divino's request that the Bankruptcy Court consider his response to the second Order to Show Cause as a "motion to waive the requirement of service within 120 days" not only failed to explain why it was unable to obtain service but also failed to comply with Local Bankruptcy Rule 9013–1(b). The court cannot conclude that the Bankruptcy Court's finding that Divino never expressly moved for an extension of time was clearly erroneous.

## IV. CONCLUSION

For the foregoing reasons, and good cause appearing, **IT IS HEREBY ORDERED** that the Bankruptcy Court's Order dismissing Appellants' Complaint is **AFFIRMED**.