**In re Anne Marie DYER, Debtor.**

**Cheryl Berk, Plaintiff,**

**v.**

**Anne Marie Dyer, Defendant.**

**Bankruptcy No. 8:03–BK–23876–PMG.**

**Adversary No. 8:04–ap–226–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 3, 2005.

Jamie K. Proctor, Jamie K. Proctor P.A., Tampa, FL, for Debtor.

## ORDER ON MOTION TO DISMISS UNDER RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Dismiss under Rule 4(m) of the Federal Rules of Civil Procedure. The Motion was filed by the Debtor, Anne Marie Dyer.

The Plaintiff, Cheryl Berk, commenced this adversary proceeding by filing a Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a).

In the Motion presently under consideration, the Debtor contends that the Complaint should be dismissed based upon the Plaintiff's failure to effect service within the time prescribed by Rule 4(c)(1) and Rule 4(m) of the Federal Rules of Civil Procedure.

### Background

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on November 17, 2003.

On February 17, 2004, the Plaintiff filed a Motion for Enlargement of Time to File Complaint to Determine Dischargeability of Certain Debts. The Court granted the Motion, and allowed the Plaintiff until April 19, 2004, to file a dischargeability complaint.

On April 19, 2004, the Plaintiff filed a Complaint to Determine Nondischargeability of Debt against the Debtor. The Complaint contains a certificate stating that on April 19, 2004, a copy was furnished "via U.S. Mail and facsimile" to the Debtor at a P.O. box address, Debtor's counsel, the Chapter 7 Trustee at a P.O. Box address, and the United States Trustee.

On April 26, 2004, the Court entered an Order conditionally dismissing the Complaint because the statutory filing fee had not been paid, and also because the Complaint "was not accompanied by the cover sheet and requisite copies of summons." The Order of Conditional Dismissal directed the Plaintiff to cure the defects within

274

twenty days from the date of the Order. In the event that the defects were not corrected, the Order provided that the adversary proceeding "shall stand as dismissed."

On May 20, 2004, after the deadline for correcting the deficiencies had expired, the Plaintiff filed a Motion to Vacate the Dismissal Order. In the Motion, the Plaintiff alleged that it had attempted to cure the defects in the Complaint by forwarding the omitted documents and filing fee to the Court on May 3, 2004. The Plaintiff further alleged, however, that the package was apparently lost in transit and not received by the Court prior to the deadline set forth in the Order of Conditional Dismissal.

A series of "previously submitted" documents was attached to the Plaintiff's Motion to Vacate the Dismissal Order. The "previously submitted" documents consist of a copy of the Complaint, a copy of an Adversary Cover Sheet signed by Plaintiff's counsel and dated May 3, 2004, an unissued Summons, and a copy of a check dated May 3, 2004, and made payable to the United States Bankruptcy Court in the amount of $150.00.

A series of "re-submitted" documents was also attached to the Plaintiff's Motion. The "re-submitted" documents consist of an Adversary Cover Sheet dated May 19, 2004, a copy of the Complaint, and an unissued Summons.

On May 21, 2004, the Court issued a receipt for Check No. 1414 in the amount of $150.00. (Receipt No. 884210).

On May 24, 2004, an Adversary Cover Sheet was filed in the proceeding. The Cover Sheet indicates that it was signed by the Plaintiff's attorney on May 3, 2004.

On May 25, 2004, the Court issued a receipt for Check No. 1404 in the amount of $150.00. (Receipt No. 884434).

On July 20, 2004, the Plaintiff filed a Motion for Refund of Duplicate Filing Fee.

On September 17, 2004, after a hearing, the Court entered an Order granting the Plaintiff's Motion to Vacate the Dismissal Order, and determined that the dischargeability action should remain pending as an active adversary proceeding. The Court found that the Complaint was timely filed under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, and that relief from the Order of Conditional Dismissal should be allowed despite the delay in paying the filing fee.

At that time, the Court also granted the Plaintiff's Motion for Refund of Duplicate Filing Fee.

No further activity appears in this adversary proceeding until April 29, 2005. On that date, the Debtor filed the Motion to Dismiss that is currently under consideration. In the Motion, the Debtor contends that "as of April 29, 2005, the Clerk of Court has not issued a Summons in this Adversary Proceeding. It has been more than 120 days since the Court granted the Plaintiff's Motion to Vacate Dismissal Order. It has been more than 10 months since the original Complaint to Determine Dischargeability was filed by the Plaintiff." Consequently, the Debtor asserts that the proceeding should be dismissed based upon the Plaintiff's failure to effect service within the time required by Rule 4(c)(1) and Rule 4(m) of the Federal Rules of Civil Procedure.

## Discussion

Rule 7004(a) of the Federal Rules of Bankruptcy Procedure provides that "Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (*l*), and (m) F.R.Civ.P. applies in adversary proceedings."

Rule 4(a), (b), and (c)(1) of the Federal Rules of Civil Procedure provide as follows:

## Rule 4. Summons

**(a) Form.** The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

**(b) Issuance.** Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant. . . .

**(c) Service with Complaint; by Whom Made.** (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed.R.Civ.P. 4(a)-(c).

 Service of a summons is a means by which a Court obtains personal jurisdiction over a defendant. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.' " *Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)(quoting *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–45, 66 S.Ct. 242, 90 L.Ed. 185 (1946)).

Rule 4(m) of the Federal Rules of Civil Procedure provides:

## Rule 4. Summons

. . . . .

**(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Rule 4(m) "requires that a plaintiff serve a defendant with a copy of the summons and complaint within 120 days after filing the complaint." *In re Langston,* 319 B.R. 667, 670 (D.Utah 2005).

 If a plaintiff fails to serve the defendant within 120 days, the court must first determine whether the plaintiff has demonstrated "good cause" for its failure. After the Court has determined the "good cause" issue, it must then either (1) extend the time for service, if good cause was shown, or (2) exercise its discretion to either dismiss the case or extend the time for service, if good cause was not shown.

 "Where good cause is shown, a court must extend the time for service; however, in the absence of a showing of good cause, a court may, in its discretion, either allow an extension or dismiss the case without prejudice." *Salter v. Shoe Show, Inc.,* 2005 WL 1027253, at *1 (S.D.Ala.). See *Horenkamp v. Van Winkle and Company, Inc.,* 402 F.3d 1129, 1132 (11th Cir.2005)("Rule 4(m) grants dis-

cretion to the district court to extend the time for service of process even in the absence of a showing of good cause.").

In this case, it is clear that the Plaintiff did not serve the Debtor with a summons within 120 days after the Complaint was filed. The record establishes that no summons has been issued in this adversary proceeding, and the Plaintiff does not contest the fact of non-service. Instead, the Plaintiff simply requests that the Court fix a specified date in the future by which service may be effected. (Transcript, p. 8).

Under the two-step analysis described above, therefore, the Court will first determine whether "good cause" exists for the Plaintiff's failure to serve the Debtor within the time permitted by Rule 4(m). Then, depending on whether or not "good cause" is found, the Court will either extend the time for the Plaintiff to effect service, or exercise its discretion to determine whether the case should be dismissed or whether additional time should be granted for the Plaintiff to effect service.

### A. "Good cause"

■ "A plaintiff bears the burden of proving good cause for its failure to timely serve a defendant." *In re Teligent Services, Inc.*, 324 B.R. 467, 472 (Bankr. S.D.N.Y.2005). "The plaintiff bears the burden of demonstrating good cause." *Salter v. Shoe Show, Inc.*, 2005 WL 1027253, at *2.

■ "The plaintiff who seeks to rely on good cause provision must show meticulous effort to comply with the rule." *In re Langston*, 319 B.R. at 670. In making a "good cause" determination, "the court should look to whether 'the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under FRCP 6(b)' for an extension of time in which to serve

the defendant. (Citation omitted.) A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y.2000). Good cause may be found where the plaintiff has acted with substantial diligence and good faith, but fails to effect service because of some minor neglect. When the failure is due to the plaintiff's "inadvertence or half-hearted efforts," however, no good cause should be found. *In re Lenox Healthcare, Inc.*, 319 B.R. 819, 822 (Bankr.D.Del.2005).

■ In this case, the Court finds that the Plaintiff has not established "good cause" for the failure to serve a summons on the Debtor within the time set forth in Rule 4(m).

No summons was presented to the clerk at the time that the Plaintiff filed the Complaint. It appears that the Plaintiff submitted a summons only after an Order of Conditional Dismissal was entered in this proceeding. When that submission inexplicably failed, the Plaintiff filed a Motion to Vacate the Dismissal Order with a summons attached as an exhibit. On September 17, 2004, after hearing, the Court entered an Order granting the Motion to Vacate the Dismissal Order, determining that the action should remain pending as an active adversary proceeding and providing the Plaintiff with the opportunity to pursue the action.

After that order vacating the dismissal order, the Plaintiff has not caused a summons to be issued or served. There is no activity of record in the action until April 29, 2005, the date on which the Debtor filed her Motion to Dismiss the proceeding. Seven months had elapsed, therefore, between the entry of the Order determining that the proceeding was active, and the filing of the Motion to Dismiss. In that

seven months, however, the Plaintiff made no attempt to obtain the issuance of a summons or to otherwise prosecute this action.

At the hearing on the Motion to Dismiss, the only explanation offered by Plaintiff's counsel for the failure was that "... the associate who was handling it is no longer with us. I cannot contact her to find out if it was inadvertent, if it was a mailing error by a secretary, or what the reason was." (Transcript, p. 10).

Under these circumstances, the Court finds that the Plaintiff has not demonstrated "good cause" for the failure to serve a summons on the Debtor. This proceeding has been pending for more than fifteen months, and the Plaintiff has made virtually no attempt to move the case forward. The Plaintiff has not offered any meaningful explanation either for the initial failure to present a summons, or for the failure to correct the deficiency over a period of more than seven months after the first dismissal order was vacated.

This case is readily distinguishable, therefore, from those situations in which a summons was issued but not served because of an incorrect address for the defendant, or in which a summons was issued and served shortly after the deadline set forth in Rule 4(m). *Johnson v. City of Clanton,* 2005 WL 1618556, at *5 (M.D.Ala.). In this case, no summons has ever been issued, and the Plaintiff has made only a very minimal attempt to obtain an issued summons.

■ Finally, the Plaintiff contends that its failure should be excused because the Debtor was served with the Complaint early in the proceeding, and therefore had actual notice of the claim. The Debtor's actual knowledge of the case, however, "is not equivalent to a showing of good cause" for the Plaintiff's failure to effect service. *In re Langston,* 319 B.R. at 670. In this case, the Plaintiff was not diligent in making reasonable efforts to effect service, and has not demonstrated "good cause" for the failure.

## B. The Court's discretion in the absence of "good cause"

■ As set forth above, "in the absence of a showing of good cause, a court may, in its discretion, either allow an extension or dismiss the case without prejudice" pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Salter v. Shoe Show, Inc.,* 2005 WL 1027253, at *1. "In the absence of a showing of good cause, this Court has discretion as to whether to dismiss the action without prejudice or to extend the time for service." *Sikes v. City of Dothan,* 2005 WL 1523555, at *2 (M.D.Ala.).

In this case, the Court has found that the Plaintiff did not demonstrate "good cause" for her failure to serve a summons on the Debtor. Consequently, the Court possesses the discretion to either dismiss this case, or to extend the time within which the Plaintiff may effect service. The Court finds that the proceeding should be dismissed.

The Eleventh Circuit Court of Appeals recently addressed the factors that a Court should consider in exercising its discretion under Rule 4(m):

> In reviewing a district court's exercise of discretion, we again look to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the grant of an extension of time for service of process in the absence of good cause. (Citation omitted.) In its Note, the Committee explained:
>
> > Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the

defendant is evading service or conceals a defect in attempted service. *Horenkamp v. Van Winkle and Company*, 402 F.3d at 1132–33. Other courts have applied a four-factor test in the exercise of their discretion under Rule 4(m).

In exercising this discretion, courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant attempted to conceal the defect in service, 3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision, and 4) whether the defendant had actual notice of the claims asserted in the complaint.

*Feingold v. Hankin*, 269 F.Supp.2d 268, 277 (S.D.N.Y.2003)(quoted in *In re Teligent Services, Inc.*, 324 B.R. at 473). This list of factors is not exclusive. *Burkes v. Fas–Chek Food Mart, Inc.*, 617 S.E.2d 838, 217 W.Va. 291, 2005 WL 1498291 (W.Va.).

The Court has balanced the four factors identified above, and concludes that this adversary proceeding should be dismissed.

■■■■ 1. First, if this case is dismissed, it appears that the Plaintiff may be barred from re-filing the complaint against the Debtor. Nevertheless, the Court finds that the expiration of the time to file dischargeability actions is not controlling in this case. The "expiration of the statute of limitations does not require a court to use its discretion to grant an extension of time for service in every time-barred case." *In re Teligent*, 324 B.R. at 474. Leniency in the form of an extension of time is not appropriate, for example, in those cases in which the plaintiff failed to make even the most basic effort to effect service. *Id.* (quoting *National Union Fire Insurance Company v. Sun*, 1994 WL 463009, at *4 (S.D.N.Y.)).

In this case, the Plaintiff's failure to serve the Debtor with a summons was not the result of a simple error or mistake. The Plaintiff was notified of the omission early in the case. Nevertheless, by the time that the Debtor filed the Motion to Dismiss almost one year later, the Plaintiff had not taken any further steps to cause the summons to be issued or to present a new summons for issuance. In fact, the Plaintiff took no action in this case for more than seven months after the entry of the Order granting the Plaintiff's Motion to Vacate the Dismissal Order.

Under these circumstances, the Plaintiff's lack of effort to effect service outweighs the consequences associated with the expiration of the bar date for filing dischargeability actions. See *Sikes v. City of Dothan*, 2005 WL 1523555, at *2 (Complaint dismissed where plaintiff made "no effort whatsoever" to serve the defendants), and *Salter v. Shoe Show, Inc.*, 2005 WL 1027253, at *2 (Complaint dismissed where the plaintiff did not take "serious efforts to serve" the defendant in fifteen months.).

2. Second, there is no suggestion in this case that the Debtor attempted to evade service, or to conceal the defects in service to obtain an unfair advantage in the litigation. See *Sikes v. City of Dothan*, 2005 WL 1523555, at *2.

3. Third, it is clear that the Debtor would be prejudiced if the Plaintiff were granted an extension of time to effect service. The Debtor filed her petition under Chapter 7 of the Bankruptcy Code on November 17, 2003. The original deadline for filing dischargeability complaints was February 17, 2004. On February 17, 2004, the Plaintiff filed a Motion for Enlargement of Time to File Complaint to Determine Dischargeability of Certain Debts. The Motion was granted, and the Plaintiff was allowed until April 19, 2004, to file a dischargeability action. The Complaint that commenced this action was filed on April

19, 2004, the last day of the extended period. The Complaint was subsequently dismissed because of deficiencies accompanying its filing, but that dismissal was vacated and the Plaintiff was provided with additional time to pursue the action.

The Debtor has received her general Discharge of Debtor. Because of the pendency of this proceeding, however, the Debtor has not received the full benefit of the discharge, even though her case was filed more than nineteen months ago. The Debtor clearly has been prejudiced by the delay in receiving all of the benefits of her discharge. Consequently, given the strong "public policy favoring discharge of the debtor if prosecution is not timely," the Court finds that the prejudice sustained by the Debtor warrants the dismissal of this case. *In re Langston*, 319 B.R. at 670.

4. Finally, the Plaintiff asserts that the Debtor was served with a copy of the Complaint, and therefore had actual knowledge of the allegations as of April of 2004. A certificate contained in the Complaint indicates that it was furnished by mail and by facsimile to the Debtor at a P.O. box, and to the Debtor's counsel on April 19, 2004. The Complaint itself, however, does not contain any factual allegations. Instead, the Plaintiff alleges only that the "actions of Dyer that show the debt claimed by Berk is not dischargeable are set forth in detail in the Second Amended Complaint in Cheryl Berk vs. The Equitable, etc. et al., Florida Eleventh Judicial Circuit Case No. 02–23372." The state court complaint is not attached to the dischargeability action, and the historical facts that support the Plaintiff's claims do not appear anywhere in the record of this adversary proceeding.

The Debtor has not answered the Complaint, and there is no indication that the Debtor has participated in any settlement negotiations with the Plaintiff. *In re Teli-*

*gent Services, Inc.*, 324 B.R. at 474–75. Under these circumstances, the Court finds that service of the Complaint on the Debtor, without more, does not warrant an extension of time for the Plaintiff to perfect service.

In the exercise of its discretion under Rule 4(m) of the Federal Rules of Civil Procedure, the Court should grant the Debtor's Motion to Dismiss this adversary proceeding.

## Conclusion

In the Motion under consideration, the Debtor seeks the dismissal of this adversary proceeding based on the Plaintiff's failure to effect service within the time prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. The Court finds that the Plaintiff did not demonstrate "good cause" for the failure to timely serve the Debtor with a summons. Since the Plaintiff has undertaken no serious efforts to effect service, and since the Debtor has been prejudiced by the delay in receiving the full benefit of her discharge, the Court should exercise its discretion to grant the Debtor's Motion and dismiss this dischargeability action.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Dismiss Under Rule 4(m) of the Federal Rules of Civil Procedure, filed by the Debtor, Anne Marie Dyer, is granted.

2. The above-captioned adversary proceeding is dismissed.